IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF MISSOURI
AT JEFFERSON CITY, MISSOURI

| | |
|---|---|
| **JAMES MCGOWAN** individually and as Class Representative | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: _____<br>) Division:_____<br>) |
| **AMERICAN FAMILY INSURANCE COMPANY**<br><u>Serve at:</u><br>**Missouri Department of Insurance, Financial Institutions and Professional Registration, c/o Director of Insurance**<br>**301 West High Street, Room 530**<br>**Jefferson City, Missouri 65101** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiffs state as follows for their class action complaint for damages:

**INTRODUCTION:**

1. This lawsuit seeks certification for a Rule 23(b)(3) class seeking damages as a result of American Family Insurance Company's ("American Family" or "Defendant") scheme as described in this Complaint. In sum, American Family reaches settlement agreements with unrepresented claimants, fails to advise claimants of the 50% limitation in Section 430.225, fails to obtain permission to pay their medical liens as required by Section 430.225, and pays claimants medical liens in excess of the 50% limitation in Section 430.225.

2. Since 1941, Section 430.230 of the Revised Statutes of Missouri has granted medical providers liens for services provided as a result of personal injury sustained by a patient.

3. In 1999, the Missouri legislature enacted Section 430.225.

4. Section 430.225 became effective on October 13, 1999.

5. Section 430.225.3-5 permits insurers to make direct payments to medical lien holders *if* authorization is obtained and limits medical providers asserting liens to a proportional recovery of no more than fifty percent of the net proceeds of a settlement:

   a. "3. If the liens of such health practitioners, hospitals, clinics or other institutions exceed fifty percent of the amount due the patient, every health care practitioner, hospital, clinic or other institution giving notice of its lien, as aforesaid, shall share in up to fifty percent of the net proceeds due the patient, in the proportion that each claim bears to the total amount of all other liens of health care practitioners, hospitals, clinics or other institutions. "Net proceeds", as used in this section, means the amount remaining after the payment of contractual attorney fees, if any, and other expenses of recovery." Section 430.225.3.

   b. "4. In administering the lien of the health care provider, the insurance carrier may pay the amount due secured by the lien of the health care provider directly, if the claimant authorizes it and does not challenge

2

the amount of the customary charges or that the treatment provided was for injuries caused by the tort-feasor." Section 430.225.4.

c. "5. Any health care provider electing to receive benefits hereunder releases the claimant from further liability on the cost of the services and treatment provided to that point in time." Section 430.225.5.

**THE PARTIES, JURISDICTION, AND VENUE:**

6. Plaintiff James McGowan is and was at all relevant times a Missouri citizen.

7. The remaining class members consist solely of Missouri citizens. Specifically excluded from the class are any individuals who are not citizens of the state of Missouri, the attorneys and staff at the law firms representing the class, and any member of the judiciary or judiciary staff appointed or designated work on this lawsuit.

8. Defendant American Family Insurance Company ("American Family" or "Defendant") is an Ohio Corporation with its principal place of business located at its headquarters at 6000 American Parkway, Madison, Wisconsin 53783. Defendant American Family can be served at the Missouri Department of Insurance, Financial Institutions and Professional Registration, c/o Director of Insurance, 301 West High Street, Room 530, Jefferson City, Missouri 65101.

9. Personal jurisdiction is proper over American Family as American Family has a registered agent in Missouri, it transacts business in Missouri directly and through agents directly related to this law suit, committed the tortious acts underlying this suit in Missouri directly and through agents. Further, American Family regularly invokes the

3

benefits of Missouri's judicial system for its own benefit and should reasonably anticipate being haled into a Missouri court.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C Section 1332(a).

11. Venue is proper pursuant to 28 U.S.C. 1391(b).

**BACKGROUND:**

12. In May 2014, Mr. McGowan was injured in an automobile accident.

13. The driver of the vehicle that injured Mr. McGowan was insured by American Family.

14. Mr. McGowan sought and received medical treatment for his injuries from a Section 430.225 clinic, health practitioner or other institution.

15. Mr. McGowan's Section 430.225 clinic, health practitioner or other institution gave notice to American Family of a lien.

16. Mr. McGowan made a claim to American Family for his injuries.

17. Mr. McGowan was not represented by an attorney.

18. Mr. McGowan settled his claims for approximately $5,800.

19. American Family did not ask Mr. McGowan for permission to pay his liens.

20. American Family did not inform Mr. McGowan that they—American Family and Mr. McGowan—could limit payment to the Section 430.225 lienholders to approximately $2,900.00.

21. Without the permission required by Section 430.225, American Family directly paid Mr. McGowan's lien.

4

22. American Family paid Mr. McGowan approximately $1,900.

23. American Family paid Mr. McGowan's medical lienholders approximately $3,900.00.

24. American Family paid Mr. McGowan's medical lienholders in excess of the 50% limitation provided by Section 430.225.

25. American Family had a duty to advise Mr. McGowan of the requirements, benefits, and protections of Section 430.225. In acting as set forth above, American Family breached those duties.

## **THIS IS A RULE 23(B)(3) CLASS ACTION:**

26. American Family is engaging in a pattern and practice and/or common scheme through which it settles claims with unrepresented parties, undertakes to pay the parties' clinic, health practitioner or other institution liens without permission as required by Section 430.225, fails to inform the parties of the 50% limitation in Section 430.225, and then pays the liens in excess of the 50% limitation in Section 430.225.

27. American Family's pattern and practice and/or common scheme results in a massive monetary gain. American Family pays lienholders their entire amounts, thus extinguishing lienholders' motivation to refer the injured patient to an attorney to recoup a larger settlement. As a result, American Family is able to settle thousands of claims with unrepresented parties for amounts significantly less than the injured party would obtain if represented by counsel. American Family, as a result, realizes significant but unwarranted gains.

28. This action is brought by Mr. McGowan individually and as a representative of the classes defined herein.

29. Plaintiff's proposed class consists of:

All Missouri citizens within the applicable statute of limitations, who settled claims against insureds of American Family who (1) were unrepresented at the time of settlement, (2) whose health care provider asserted a Section 430.225 lien, and (3) whose health care providers received more money from the settlement than the class member.

30. Plaintiffs reserve the right to amend the class definition as necessary.

31. The class meets the requirement for numerosity because there are thousands of Missouri citizens who suffered losses as a result of American Family's conduct.

32. The class meets the requirement for commonality because there are numerous questions of law and/or fact common to the class's claims, including but not limited to:

    a. Whether the liens paid by American Family were subject to the provisions of Section 430.225?

    b. Whether American Family failed to obtain permission to pay liens as set forth in Section 430.225?

    c. Whether American Family had a duty to inform Plaintiffs of the fifty percent statutory limitation as set forth in Section 430.225?

  d.  Whether American Family breached that duty in making payments to medical lienholders in excess of the fifty percent statutory limitation as set forth in Section 430.225?

  e.  Whether American Family's conduct was of the requisite gravity or seriousness to give rise to liability for punitive damages, and the amount of punitive damages to be awarded to the class?

33. The class meets the requirement for typicality because the class members share the same interests and have suffered the same injury.

34. The class meets the requirement for adequacy because Mr. McGowan will fairly and adequately protect the interests of the class; Mr. McGowan shares the same interest and suffered the same injury as all other class members.

35. The class meets the requirement for predominance because the claims of the class or any defenses thereto present important common questions of law and or fact, the disposition of which will materially advance the adjudication of the class's claims and make class certification appropriate and in the interests of justice. Predominance is met because American Family engaged in a common course of conduct that injured all class members in the same manner.

36. Class treatment of these claims provides a fair and efficient method for the immediate adjudication of the claims herein and is superior to proceeding on an individual case by case adjudication which would dramatically increase the costs and time necessary to dispose of these claims, effectively and as a practical matter denying class members of relief or subjecting class members to inconsistent and varying adjudications.

## COUNT I NEGLIGENCE

37. Plaintiffs incorporate each and every allegation in this complaint to the extent that they do not conflict with the allegations set forth in this count.

38. American Family owed a duty of ordinary care to Plaintiffs.

39. American Family breached the duty of ordinary care it owed to Plaintiffs and was negligent in the following respects:

    a. Failing to obtain permission to pay liens;

    b. Failing to advise that payments to lienholders are limited to no more than fifty percent of the net settlement; and

    c. Making payments in excess of fifty percent of the settlement to lienholders.

40. As a direct and proximate result of American Family's negligent acts and omissions, Plaintiffs have been caused to suffer damages and are entitled to fair and reasonable compensation.

41. Further, the conduct of American Family showed complete indifference to and/or reckless disregard for the rights of others from which malice may be inferred, justifying the imposition of punitive damages. American Family put profit ahead of Mr. McGowan's rights and the rights of all class members.

Wherefore, Plaintiffs pray this Court enter judgment against American Family for a reasonable sum of damages as will fairly and justly compensate Mr. McGowan and Plaintiffs, for punitive damages in such sum as will serve to punish American Family and

others from engaging in like conduct, for costs incurred herein, and for such other relief as deemed just and appropriate.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Dated: March 1, 2017

Respectfully submitted,

**LANGDON & EMISON**

/s/ J. Kent Emison
Robert L. Langdon    MO#23233
J. Kent Emison    MO#29721
Brett A. Emison    MO#52072
Cory L. Atkins    MO#59696
911 Main Street, PO Box 220
Lexington MO 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-5671
Bob@lelaw.com
Kent@lelaw.com
Brett@lelaw.com
Cory@lelaw.com

and

/s/ Andre' W. Boyda
Andre' W. Boyda    MO #64638
Boyda Law LLC
P.O.B. 142
Raymore, MO 64083
Telephone: (816) 419-8333
Facsimile: (816) 527-8589
boydalaw@gmail.com

**ATTORNEYS FOR PLAINTIFF**